Good morning, Your Honors. My name is Wayne Weber, Counselor for the Plaintiff-Appellant at Radioshack. Radioshack is here before the court to ask the court to reverse the dismissal by the Court of Federal Claims of its complaint relating to a claim for refund for communications excise taxes in the first quarter of 1996. The government is holding literally billions of dollars of communications excise taxes that it admits were improperly collected over a period of years from more than 100 million individuals and businesses, one of which is Radioshack. Most of those taxpayers don't even know that they paid the communications excise tax. Before you get to the substance of the issue, is this case brought properly before us under 54B? The case is properly before the court. The Court of Federal Claims certified this for appeal. Well, under Rule 54B, the judgment of multiple claims or an action presents more than one claim for relief. Whether it's a claim, common claim, or otherwise, the multiple parties are involved, the court may direct entry to the final judgment of one or more. Right? What is different between this other than the statute of limitations and the other claims that are still pending? Well, the merits, the government admits that it owes the taxes for all periods. So the only remaining issues with respect to this particular claim is whether... Did they confess judgment to the other claims that are still pending? Does the government confess judgment as to the other claims that are still pending? The government has admitted that it owes the tax, but it has not actually made an admission in our case. We owe a class action. It owes a refund. It doesn't owe a tax. It owes a refund to the taxpayers? Yes. Radio Shack has requested two claims refund before the court. One relates to 1996 and the other relates to the year 2002. And it's a class action. We're asking the Court of Federal Claims... I've read the briefs. I'm still asking whether or not the 54B certification is properly issued. Because this is an inauguratory type of appeal, is it not? Do we have jurisdiction but for the 54B action that was issued? Is that properly issued? We believe it was properly issued, Your Honor, because the court dismissed the complaint as it relates to our 1996 claim. Under the statute of limitations. That's the basis for the dismissal, yes. It was not discussed as to whether or not you had a proper claim at that point. It was dismissed on the basis of the statute of limitations. That was the basis for the dismissal. The government has not disputed that it improperly collected the communications exercise that's referenced. There's no debate by the government. Let the government speak for itself. There's no debate about that issue. The government has admitted publicly, the Secretary of Treasury... The exercise tax was collected improperly. I'm sorry? The exercise tax was collected improperly. Improperly with respect to long-distance telephone services which were billed on the basis of time limits and not on the basis of time and distance. However, if, in fact, you have two claims, you have one which is barred by the statute of limitations, the second one is not, wouldn't it be better to serve the process if, in fact, the one which the statute of limitations barred the claim was just held in advance until the final subsequent issue was determined and then you appeal it all instead of impeachment? That would truly put us in an ironic and unfortunate position, Your Honor. We just had our motion to certify the class denied without prejudice by the Court of Federal Claims because they want to wait until this Court rules on the period of limitations issue so that the Court can properly assess and understand who all would be members of the class and then to make a decision whether or not to certify that class. The problem is that, Your Honor, that the government has attempted, first of all, attempted to avoid acknowledging liability for refunds of those tax and now they're attempting to avoid paying those refunds of billions of dollars to hundreds of, tens of millions of individuals and businesses and they're trying to hide behind this period of limitations and we can't get a class certified in the Court of Federal Claims until we go back to the Court with clarity as to for what period are claims for refund going to be allowed. The Court of Federal Claims ruled that claims, this 1996 claim is not a valid claim because of the application 6511A. We don't believe 6511A stands in the way of timely claims under Section 7422A of the Code. 7422A is broad and covers all taxes. Section 6511A applies to specific taxes, namely stamp taxes, the taxes in respect of which the taxpayer is required to file a return. Your perception of argument, the basis is in the property, that the statute of limitations is in the property of the client. My position is that, well, that 6511's limitations do not reach communications excise tax. Yes, that's our position. I'm sorry. So your position is as long as there's an administrative claim filed first that any loss with respect to refund of the communications excise tax can be filed at any time? No, that's actually not correct, Your Honor. When a claim for refund is filed, you have to wait at least six months before you can bring suit. This is all set out in the statute. Alternatively, if the Internal Revenue Service denies the claim for refund, that begins a two-year period of limitations within which suit can be brought based on that claim. But the administrative claim can be filed at any time? With respect to the communications excise tax, that is our position. Yes, because 6511A, again, applies to taxes, stamp taxes and taxes in respect of which the taxpayer is required to file a return. There's no return required by RadioShack or, for that matter,  There are no set limitations at all with respect to any claim for refund other than those that are subject to the filing of a return? Well, yes, Your Honor. That includes virtually all taxes. There are only one or two other excise taxes which, like the communications excise tax, are not taxes for which the taxpayer is required to file a return. So we're talking about a small number of taxes. This particular tax was imposed on tens of millions of Americans and the government continued to collect the tax from all of those individuals and businesses while it was asserting a clearly erroneous position under the substantive statutes that impose the communications excise tax, sections 4251 and 4252. I don't know if you want to get involved with that. So the problem here is that the statute makes very clear what tax the limitation applies to. Congress has reaffirmed that it knows how to expand the scope of section 6511 when it deems it appropriate with respect to the windfall profits tax which was adopted in 1980 and then repealed in 1988. Congress realized that there was no return required with respect to that tax. The taxpayer is the producer of oil and the tax was collected by the purchaser of the oil and paid to the United States. The producer was not required to file a return with respect to this tax. Congress acknowledged that and therefore adopted a special provision in section 6511H to specifically deal with that problem and deemed the income tax return of the producer to be the return for purposes of the windfall profits tax and for purposes of section 6511. Congress didn't stop there. Important to Congress, as we outlined in our briefs, was consistency between the period of limitations for refunds and the period of limitations for assessments on tax. So Congress also amended section 6501 and added section 6501Q to the code in order to provide for the application of the period of limitations on assessment of tax with respect to the windfall profits tax as well. Again, also by designating the income tax return as the return for purposes of applying 6511A and 6501A. Without that provision, the windfall profits tax would have been just like this communications excise tax. No period of limitations applicable to claims to refund and no period of limitations applicable with respect to assessments imposed by the Internal Revenue Service. Now this interpretation of the code is consistent with the legislative history as well. The legislative history is scant and it doesn't go into great detail, but it's very clear in explaining, and I quote, subsection A of section 6511 extends to all taxes in respect of which a taxpayer is required to file a return the provisions of existing law with respect to the period of limitations for credit or refund of income taxes. So it makes very clear in the opening sentence of the explanation of this provision that 6511A applies to taxes in respect of which the taxpayer is required to file a return. It then goes on to say if the taxpayer actually files a return then there's one period of limitations, the three-year period of limitations. If the taxpayer doesn't file a return then there's a two-year period of limitations. There's no other way to read the statute. It's absolute and clear in that respect. There's been discussion of the regulations under section 6511. The regulations don't deviate from the statutory language. What the regulations do is they paraphrase that language. This is not at all uncommon in treasury regulations. The opening regulations almost always either paraphrase or literally adopt the words out of the statute. They don't really add any interpretive value. That is true of the regulations here. What the regulation doesn't do, though, is it doesn't repeat that language in respect of which the taxpayer is required to file a tax return. That should not be construed by the court to mean that the regulations were interpreting the law inconsistent with the statute. To the contrary, the regulation has to be read as consistent with the statute and simply paraphrasing it in shorthand. So at bottom, since RadioShack is not required to file a return with respect to the communications excise tax that it paid in 1996, there is no period of limitations under section 6511A that limits the filing of its claim for refund and that claim for refund should be prospective. Now, there's been some discussion of cases in the briefs relating to section 6511. Particularly apropos to this court, we call the court's attention to the Supreme Court's opinion in Brokamp. Now, Brokamp involved an attempt by a taxpayer to secure equitable tolling of the period of limitations under section 6511A. We're not talking here about equitable tolling, but essentially what the government is asking this court to do is to modify, in the name of equity, the provision of 6511A to read those words out of the statute that limit its application only to taxes in respect of which the taxpayer is required to file a return. The Supreme Court said we can't do that. Section 6511, quote, sets forth its time limitations in unusually emphatic form. Further quoting, section 6511 uses language that is not simple. It sets forth its limitations in a highly detailed technical manner that linguistically speaking cannot easily be read as containing implicit exceptions. So what the Supreme Court is saying here is Congress knew what it was doing when it adopted section 6511A and the rest of the provisions of 6511. It was clear, it was articulate, and the court shouldn't be going in and modifying those terms and excluding words from the statute in the name of equitable concerns. Mr. Weber, if I understand you correctly, then if there's no return that had to be filed, the statute stays open forever. So we can file at any time, even 100 years from today if we want it to. Theoretically, that is true. In practice, the particular change in billing practices by the telephone carriers that gives rise to the claims to refund that this class action is based on, that change in practices came in the mid- to late-1990s. So it's a practical matter. There's a finite, shall we say, basis, or rather, to the complaint involved here. And then further... Your reading of 6511 is broad enough so that if no taxpayer had to file a return, the statute would stay open forever for a refund. Congress chose to apply Section 6511A's limitations only to stamp taxes and taxes for which the taxpayer is required to file a return. That's correct. So they could have decided to adopt another statute to deal with taxes for which no return is required. They didn't. In the case of the windfall profits tax, they said, ah, no return required. We want to fix that. So we'll deem a return to be filed by the producer, namely the income tax return. That's right. Well, you've received it all the time. We'll give you the refund back. That's all. Thank you, Dana. All right. Take it. Good morning. May it please the Court? I'd first like to address the question regarding the propriety of the 24B ruling. In this case, this involved a particular taxpayer, and the Supreme Court, in the Senate case, has said that each taxpayer constitutes an individual's claim. And in any case, other appeals, there have been appeals with regard to particular years. I think it's appropriate here. And I think, given the nature of the issue here to resolve what claims are excluded from the merits of the major flow, would simplify matters. I think it's in the issue of judicial. Would it simplify the litigation by a society whether or not the statute of limitations applies? I think it would certainly narrow the scope of the claims involved. As Mr. Weber indicated, the Court of Federal Claims has declined to rule and certify either class in waiving that clarification from this Court. Turning to the merits, the taxpayers' basic argument here is that Congress left a huge gap in the statute of limitations under which any tax with respect to which the taxpayer is not required to file a return, that specific taxpayer is not required to file a return with respect to the tax at issue. There was no statute of limitations that would apply to refund claims. And that's much narrower than, excuse me, much broader than just the class of communications excise tax refund claims. That would extend to any collected tax, other excise taxes, the accumulated earnings tax that was addressed by the Court of Claims in the J.O. Johnson case we discussed in our brief. So it would be a much broader situation. They're suggesting that there's a much broader scope of an exception in which taxpayers would have an indefinite amount of time to file a refund claim. And the Supreme Court's been very emphatic in explaining that there's a, with section 6511, section 6422 together, Congress enacted a scheme that was designed to limit all refund claims and refund suits by very clearly saying that no refund suit shall not proceed without a duly filed refund claim. And then section 6511, in turn, provides a time limit for filing a refund claim. And the Supreme Court's reiterated repeatedly in cases like the Burkett case, the recent Clitwood Elkhorn mining case, the Dahl case, that these revisions work together and serve to create an administratively workable tax system where stale refund claims can't come out of their work years later. And the taxpayer focused on the Burkamp language about how the language was very explicit. But at the same time, the Court, in its ruling, was declining to find an exception to the statute of limitations and emphasizing the importance of the statute of limitations in the scheme to prevent refund claims from surfacing later and to create a workable tax system where the government would know when the time is up for refund claims to come forward. If we interpret 6511A the way Mr. Weber would like us to interpret it, in what respect is that inconsistent with 7422? Well, 7422 contains really broad language indicating that no tax under any circumstances is to be filed without satisfying these limitations that are set forth in terms of section 6511A. But if 6511A doesn't apply to a claim for refund with regard to a tax for which no return is required, if that's the way we interpret it, then, in effect, there's no statute of limitations that applies. So the only requirement under 7422 is that there be an administrative claim filed first before a lawsuit. Right. It's at some point. So 50 years could go by, and then an administrative claim could be filed, and then a lawsuit could be filed. And I think It's sort of nothing more than just a normal rule to exhaust your administrative remedy. Well, and I think what Congress intended was to create much more than that. I'm not writing on a clean slate here. I guess the question, on what basis do you contend that the only way to read both of these statutory provisions consistently is to read 6511A? Well, this Court and the Court of Claims and J.M. Johnson and Alexander Crawford and two other circuits, the First Circuit and Little People's School and the 11th Circuit in Wachovia, have all concluded that this language that the taxpayer is focusing on should be read more broadly to include any claim of the type filed by return. And so, really, they've said that these two statutes work together to create a limit on when claims can be filed. And that's what I'm trying to get at. And this Court, and it's predecessor to the Court of Federal Claims and J.M. Johnson said that if you take away the time limitation in Section 6511 and adopt the argument that there is no time limitation and the taxpayer is not required to file a return, it would take away, basically, the teeth of Section 7422 and render it almost meaningless with respect to a whole class of refund claims. Well, there's a lot of sections. So why would it render 7422 meaningless? Well, because it is. 7422 would just say, all right, 50 years from now, when you finally get around to filing your request for refund, you better file an administrative claim first. Well, I think the context of the statute, as these cases that I've discussed all recognize, was part of a scheme that's designed to limit the time in which claims can be brought. And it's a two-fold process to allow the IRS time to consider a claim first administratively and limit the number of suits that are brought. But the idea is a very broad provision that effectively limits the time in which any refund suit can be brought. And if you take away the time limit on the refund claim, the limits that the Supreme Court has repeatedly said are very broad in Section 7422 really lose their teeth. And I think the Supreme Court precedent also is consistent with a broader interpretation of reading this language more flexibly. In point of order Elkhorn, at least twice in that opinion, once at page 1516, and again at page 1520 in that opinion, the court indicated that Section 6511's time limitations apply to all refund claims. And Williams. But that case did not address that question before us. It did not address the issue here. But it certainly was dealing with these two statutes and their purpose and indicated an assumption that Section 7422 and Section 6511 work together to limit claims, that this is a very broad limitation. The purpose of those limitations would be undercut if a construction that said there's no limits on refund claims if the return is required were applied. And in Williams, which was also a different context, a situation where the wife of a taxpayer against whom no tax had been assessed had paid a tax to remove the lien for a property. And the court addressed in that case at page 535 whether 6511 allowed her to file a refund claim because she wasn't the assessed taxpayer. And she wasn't required to file a return. And in that case, the court concluded that she could be the taxpayer for purposes of 6511 and 7422. And in analyzing that question, it said we have a preference for a common sense interpretation of the section. And I think it's also important to look at the context in which the statute developed. Because at the time 6511 was enacted in 1954, there were a number of separate section limitations for different kinds of taxes, including one for collective taxes, such as this excise tax. And when Congress enacted 6511, its intent was to bring, as expressed in the legislative history and in terms of what actually occurred, it was to bring all these taxes into one statute of limitations that had, instead of different periods, which the various limitations periods had, one statute of limitations applicable to all taxes. And to say that the excise tax suddenly, or any collective tax was suddenly removed from that statute of limitations would mean that Congress would have to repeal this substantio. And I think in light of all the other case laws that exist, that's taken a different interpretation from what taxpayer urges here and agree with the Court of Federal Claims holding below, there's at least an ambiguity in the statute that would make it appropriate to look to the legislative history. And the legislative history spells out explicitly that the new 6511 is intended to pertain to excise taxes. In the House report, the case is cited in our brief. Is the ambiguity that you're talking about in 6511A sort of the question of how to resolve the first clause of the first sentence with the second clause of the first sentence? Well, I think the cases that it discusses and held, the second clause of the first sentence refers generically to taxes by type. And I think that creates a question of whether that was what Congress meant in the first section to also create a limitation with respect to a type of taxes. And I think when you look at Section 6511B also, it talks about no claim for refund being able to be allowed until the statute of limitations in Section A is satisfied, which certainly indicates that all taxes should be subject to that statute of limitations. And then as the other course of appeals in the Supreme Court have indicated, Section 7422 basically rests on the assumption that there will be a statute of limitations in Section 6511A. And it's very contrary to this whole scheme that's designed to limit refund claims and create an administrative and workable tax system to conclude that Section 6511A just left out gaps. It left gaps, where there are taxes that have no statute of limitations on the refund claim. I'd like to address briefly the windfall profit tax, because the taxpayer focused a good bit on that tax. They raised the issue of the Republican. We haven't had a chance to address it. I don't think that that windfall profit tax statute of limitations, which provided a special statute of limitations for the producer where his income tax return for the following year, I don't think that's intended to address the gap in Section 6511A, but to deal with the very special circumstance of that tax. It was in effect for just eight years to deal with basically the tax on the difference between the regulated oil price and the price under deregulated oil. And it was neither an income tax nor a collected excise tax like we have here. It was a unique beast that created a situation where two entities could actually be the taxpayer and two entities could possibly file a return. The way the system works is under Section 4986 of the code, the producer of the oil was taxed when the oil was removed from his property. But the purchaser could be the one to file a return. And once the purchaser took on that responsibility, then the purchaser was also the taxpayer that could be liable. And when the return was filed by the purchaser, they would withhold the tax from the payment price. And then the purchaser would pay quarterly returns. And the other option that existed was for the producer simply to pay the tax themselves and leave the purchaser out of the picture and file the quarterly returns. But I think the key thing that was different about that situation was there was a net income limitation on the tax that was imposed, on the withhold profit tax. And so at the end of the year, that had to be determined based on how much oil had been sold by the particular producer and based on what the prices were of that oil. And when the purchaser was filing the returns, the purchaser couldn't take that into account. The purchaser couldn't make adjustments for what the net income limitation would have been for the producer. And so the producer almost always would have a claim at the end of the year for an overpayment or an underpayment. And in the case of an overpayment, there was no requirement that the producer file any returns. And the tax wasn't even deemed paid until into the following year. So there was no way that when the return was filed by the purchaser that the producer could right away file its refund claim. So it didn't make sense for the statute of limitations to start. It was only at the end of the year, after adjustments were made for the net income limitation, and after the tax was deemed paid in February the following year, that it made sense for the statute to begin to run. So it made sense for Congress to have picked a later date and assigned that in that circumstance. And there's case law to the effect that where the producer filed them returns, and in that circumstance could actually make adjustments for the net income limitation, then that was treated as triggering the statute of limitations. Was there a tax return filed here by the common carrier? I believe they did. There are. It's a collected tax that's treated as just. All of the tax was collected. That's correct. On the tax return. That's correct. There would be tax returns filed by the carrier. So trust fund tax. The carriers, they had to pay over to the government with a return. So they're filing that return as the trustee holding the money on behalf of the United States on behalf of the taxpayer, effectively. But they didn't report the income, which they collected, and the tax, which they collected. Was that the same format that they would show as an excise tax? The income they collected would have been reportable as their income tax, but then there would have been a separate excise tax reported as the actual excise tax collected from the taxpayer. The statute's very clear that the taxpayer for this excise tax is the person who's paying for the services, separately being a paycheck or whatever. But there was a tax form that was filed indicating the amount of excise tax. I believe there was, Your Honor. I believe there was a separate quarterly excise tax. It's not just paid without any kind of tax. No, no, no, no. I thought your question was whether it was separate from any other tax that might have been reported as an excise tax, Your Honor. But certainly, yes, it was a return file. It's just a question of taxpayer's argument is that this particular taxpayer wasn't required to file a return. And that's the argument that's been repeatedly rejected in the Joe Johnson case, in the Alexander Profitt, and in the Filthy People's School, and all kind of their cases. And I think those cases, at the very least, draw this creative ambiguity here. I think when you look at the legislative history and also the Treasury regulation, which doesn't contain the same ambiguity, it clearly divides the taxes into two categories, other than those payable by SAM and those payable by SAM. So the Treasury regulation clarifies that there is a statute of limitations for all taxes under Section 6511. And I think that Treasury regulation's very longstanding. It's been in effect since 1956, shortly after 6511 was enacted in 54. And so it's a very longstanding regulation. And in that context, it's entitled to deference and certainly should resolve any ambiguity in favor of the completion of the requirement. But the regional circuits have tried to harmonize the 7422 and 6511. Yes. And I think what they've said is that you have to look at the statutory scheme as a whole, not only the whole of Section 6511, but also Section 6511 in connection with 7422. If there are no further questions, I'd like to see my time expired. Thank you, Your Honor. Thank you. Thank you. I'd like to address the next to last question asked by the court first. The carriers do, in fact, file a form for the style of return. It's a Form 720. That form does not identify any taxpayers. It does not identify RadioShack. It does not identify the amount of tax that RadioShack paid to the carrier. It does not identify the amount of money that the carrier is paying to the United States in respect of RadioShack. So it in no sense relates to that taxpayer. It is, here, I'm a carrier, AT&T. I'm sending you a check for $10 million. And here's the Form 720. That's well understood. But there is a tax document which is filed with the IRS indicating that you have $1 million in excise taxes which have been collected by AT&T and paid over to the IRS for certain users of the service. It does not identify. It doesn't identify. That's right. You have to identify yourself in order to file for the reform. But the question is whether or not 6511 is broad enough to cover that kind of a return. Right. And, Your Honor, that return is filed by the carrier. The carrier, as noted by counsel, is a trustee for the United States, an agent of the United States government. It's not. It is a collection agent for the government, not a paying agent for RadioShack and the millions of other taxpayers. So its job is to represent the United States, not to represent the taxpayer. And so it's in no sense is that form being filed in respect of or with respect to or on behalf of RadioShack and the other millions of taxpayers. But it's a return filed with the government. It's a return which is filed with the government. It is a form which has the word return in it. It is filed with the United States government. That is correct. It does not relate to RadioShack. It doesn't relate to the other taxpayers who might be in the class action either. That's correct. That's correct. Which is important to the opinions by the circuit court in Wachovia and the other peoples. Because in those cases, the court chose to read the words in respect of which the taxpayer is required to file a return as in respect of which a taxpayer. In other words, generically, if any taxpayer is required to file a return with respect to this tax, then it's covered by 6511A. They covered the legislative district for that. Pardon? That's what the legislative district said. A rather than D. Well, the legislative district said that. But the legislative district can't change the word that Congress chose to put in the statute. But in any event, if you apply it. That's right. But of course, the legislative district is used to change legislation all the time. But if you apply that legislative district concept and the concept that those courts have used in this case, you'll reach the conclusion that we advocate. Because taxpayers that purchase services from carriers, telephone services from carriers, which paid this tax, none of them file a tax return. So if those courts had seen this fact pattern and they applied the same analysis, they would reach the conclusion that section 6511A does not apply. There was also discussion of J.O. Johnson and Crowderford, which counsel suggested were relevant precedent here. Those cases do not constitute controlling precedent with respect to this case. They address the accumulated earnings tax and interest with respect to the accumulated earnings tax. That tax has been referred to, in fact, was referred to in J.O. Johnson by the claims court as an addition to tax, which we all know under basic code principles is to be treated as the tax itself. The Court of Federal Claims otherwise has referred to the accumulated earnings tax as a penalty, again, which is treated as a tax for all purposes of the code. As such, it relates to the income tax. The taxpayer in each of those cases filed returns with respect to income tax. And it's that return that leads to the assessment of the accumulated earnings tax. So there was a tax in respect of which the taxpayer was required to file a return, i.e. an income tax return. So those cases are not applicable to the extent that those courts discuss the scope of section 6511A beyond the discussion of the accumulated earnings tax. It's pure dicta and not controlling because they weren't looking at a tax like the communications excise tax for which no return is required. I also wanted to just briefly address the discussion of the interplay between section 7422 and 6511A. Well, I think we've run out of time. Thank you very much. Thank you, Your Honor. All rise.